Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
Meghan E. George, Esq. (274525)
mgeorge@toddflaw.com
Thomas E. Wheeler, Esq. (304191)
twheeler@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff, Niki Giavasis

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NIKI GIAVASIS, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**DENT-A-MED INC. DBA HC PROCESSING CENTER, and Does 1-10, inclusive,**<br><br>Defendant(s).<br>_____ | Case No.<br><br>**Class Action Complaint For Violations Of:**<br><br>1. **The Rosenthal Fair Debt Collection Practices Act,** *Cal. Civ. Code* **§§1788, et seq.**<br>2. **The California Business and Professions Code §17200**<br><br><u>**Jury Trial Demanded**</u> |

1
**CLASS ACTION COMPLAINT**

## **Introduction**

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, DENT-A-MED INC. DBA HC PROCESSING CENTER ("Dent-A-Med"), in an effort to deceive consumers and debtors into paying far more money than legally owed.

2. In particular, Plaintiff, Nikki Givasis ("Givasis"), alleges that within the year preceding the filing of this Complaint, Dent-A-Med attempted to collect debts from her and other consumers and debtors by systematically sending them mail based collection correspondence that charged these consumers and debtors an inextricably large amount of interest and falsely mischaracterizing the amount owed.

3. Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe letter that they owe a higher amount than they in fact owe.

4. Dent-A-Med's acts and omissions were intentional, and resulted from Dent-A-Med's desire to mislead debtors and consumers into making payments on amounts that they did not owe, thereby allowing Dent-A-Med to unfairly and unlawfully gain money from consumers and provide nothing in return.

5. Thus, Givasis brings class action claims against Dent-A-Med, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which was

**CLASS ACTION COMPLAINT**

enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b). Plaintiff alleges that Defendant's practices were unlawful, unfair and fraudulent and violated California Business and Professions Code §17200 (hereinafter "CBPC").

## Jurisdiction and Venue

6. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in Arkansas and State of Incorporation in Oklahoma.  Plaintiff also seeks $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction..

7. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because

Defendant does business within the state of California and the Central District of California.

## The Parties

**8.** Givasis is a natural person residing in Los Angeles County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her a "a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

**9.** Dent-A-Med is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due themselves. Thus, Dent-A-Med is a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

**10.** The debts Dent-A-Med attempted to collect from Plaintiff and the putative class members qualify as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

///

///

///

4
**CLASS ACTION COMPLAINT**

**Factual Allegations**

11. Within one (1) year preceding the filing of this class action lawsuit, Dent-A-Med attempted to collect and alleged debt from Plaintiff.

12. Plaintiff had been making all of her payments on time when Plaintiff paid $140 towards her alleged debt when she was told that she owed a minimum payment of $136.

13. After, in or around January of 2016, Defendant sent Plaintiff a collection letter whereby Defendant attempted charge Plaintiff an interest of $593.22.

14. Ultimately, this letter mislead Plaintiff into believing that she owed much more than she in fact owed.

**Class Allegations**

15. Givasis brings this class action on behalf of himself and all others similarly situated ("the Class").

16. Givasis represents, and is a member of the following classes:

All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Dent-A-Med that attempted to charge interest, fees, or charges not authorized in the original agreement or by state law

**CLASS ACTION COMPLAINT**

**17.** As a result of Dent-A-Med's conduct, Givasis and members of the putative class have been deprived of accurate and valid information regarding the legal status of their debts and how much they owe

**18.** Dent-A-Med and its employees or agents are excluded from the Class. Givasis does not know the number of members in the Class, but believes the Class members number to be in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**19.** This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Givasis reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**20.** The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Dent-A-Med's records or Dent-A-Med's agents' records.

**21.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact

**CLASS ACTION COMPLAINT**

to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the one (1) year preceding the filing of this Complaint, Dent-A-Med sent collection letters to debtors and consumers on time-barred debts that:

        i. Falsely represented the amount of the debt; and

        ii. Charged interest, fees, or charges not authorized in the original agreement or by state law

    b. Whether Givasis and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Dent-A-Med should be enjoined from engaging in such conduct in the future.

22. As a person that received the grossly inadequate and misleading collection letter from Dent-A-Med, Givasis is asserting claims that are typical of the Class. Givasis will fairly and adequately represent and protect the interests of the Class in that Givasis has no interests antagonistic to any member of the Class.

23. Givasis and the members of the Class have all suffered irreparable harm as a result of the Dent-A-Med's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In

7

**CLASS ACTION COMPLAINT**

addition, these violations of law will be allowed to proceed without remedy and Dent-A-Med will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly paying more than they in fact owe.

24. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

25. Givasis has retained counsel experienced in handling class action claims and claims involving violations of the RFDCPA and CBP.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Dent-A-Med to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Dent-A-Med is small because the maximum statutory damages in an individual action under the RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

27. Dent-A-Med has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

## FIRST CAUSE OF ACTION

### Violation of the  Rosenthal Fair Debt Collection Practices Act

28. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

29. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." *Cal. Civ. Code* §1788.17

30. Thus by engaging in conduct prohibited by Sections e(2)(A), e(5), e(10) and f of the FDCPA, Dent-A-Med violated the RFDCPA.

31. As a direct proximate result of Dent-A-Med's conduct, Givasis and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

### Prayer for Damages

Wherefore, Givasis respectfully requests the Court grant Givasis and the Class members the following relief against Dent-A-Med:

a. That this action be certified as a class action on behalf of The Class and Givasis be appointed as the representative of The Class;

**CLASS ACTION COMPLAINT**

b.  For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

c.  .For actual damages according to proof;

d.  For reasonable attorneys' fees and costs of suit;

e.  For prejudgment interest at the legal rate; and

**f.**  For such further relief as this Court deems necessary, just, and proper.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

**32.** Plaintiff incorporates by reference each allegation set forth above.

**33.** Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

UNFAIR

**34.** California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations,

10
**CLASS ACTION COMPLAINT**

and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

35. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

36. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to charge them falsely described interest.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

37. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Higher interest were being provided, in order to induce them to spend money.  In fact, knowing that the interest was lower for Plaintiff and other putative class members, Defendant unfairly profited in that Defendant knew that the interest rate was not owed.  Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

**38.** Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented that interest, these consumers suffered injury in fact due to Defendant's charging of higher interest to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the higher interest was inaccurate, including failing to provide an opportunity to Plaintiff and class members to read and review the accurate amounts of the debt. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to pay higher amounts on their debts. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

**39.** Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

FRAUDULENT

**40.** California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

**41.** The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

**42.** Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff paid a higher interest under the basic assumption that this interest rate was correct. Plaintiff's reliance upon

12
**CLASS ACTION COMPLAINT**

Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

43. As explained above, Defendant deceived Plaintiff and other Class Members by representing the higher interest as producing the services.

44. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

UNLAWFUL

45. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

46. As explained above, Defendant deceived Plaintiff and other Class Members by representing the higher interest, falsely representing the interest rate..

47. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to charge higher interest, in violation of the RFDCPA. Had Defendant not falsely advertised, marketed or misrepresented the higher interest, Plaintiff and Class Members would not have paid the higher interest. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

48. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

49. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to

13
**CLASS ACTION COMPLAINT**

Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a)    An order certifying the undersigned counsel as Class Counsel;

(b)    An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c)    An order requiring Defendant to engage in corrective action regarding the conduct discussed above;

(d)    Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the charging higher interest during the relevant class period;

(e)    Punitive damages, as allowable, in an amount determined by the Court or jury;

(f)    Any and all statutory enhanced damages;

(g)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)    Pre- and post-judgment interest; and

(i)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

14

**CLASS ACTION COMPLAINT**

**Trial by Jury**

Pursuant to the seventh amendment to the Constitution of the United States of America, Givasis is entitled to, hereby does demand a jury trial.

Dated: August 29, 2016

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

15
**CLASS ACTION COMPLAINT**